Opinion issued December 30, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00709-CV

———————————

Mary Jacqueline Maurer, Appellant

V.

8539, Inc., Appellee



 



 

On Appeal from the 189th District Court 

Harris County, Texas



Trial Court Case No. 2008-27350

 



 

MEMORANDUM OPINION

          Appellant
Mary Jacqueline Maurer sued her employer, appellee 8539, Inc. d/b/a Barney’s
Billiards Saloon No. 20, for negligence after her workplace was
burglarized.  She appeals an order
granting final summary judgment in favor of the employer.  On appeal, Maurer argues that the evidence
attached to her summary judgment response raised genuine issues of material
fact as to each element of her claim and that the evidence was sufficient to
defeat the motion for summary judgment. 
Because Maurer failed to raise more than a scintilla of relevant
evidence as to the elements of her negligence and gross negligence claims, we affirm.

Background

Maurer was a bartender and cocktail
waitress at Barney’s Billiards Saloon at 8539 Gulf Freeway.  On June 3, 2006, she arrived at work around
10:30 a.m. and began to clean the bar area in preparation for her shift.  The cleaning crew was leaving as she arrived,
and when they left, they failed to lock the front door.  Maurer did not check the lock but instead
continued to prepare for her shift.  Shortly
before 11:00 a.m., a man walked into the bar through the front door.  Maurer testified during her deposition that
she was afraid of the man and did not tell him that the bar was still closed.  The man first went to the restroom and then
sat down at the bar.

Maurer discreetly called her
boyfriend from her mobile phone and hung up repeatedly in the hope that he
would realize that something was wrong. 
She also attempted to stall the man. 
Maurer testified that she “was just trying to think of things to do
without going to the back and getting the money” because she was afraid that
the man was going to rob her.

Maurer talked to the man for approximately
30 to 45 minutes.  Then he pulled a gun out
of his pocket, came around the bar, pointed the gun at her face, and told her
that he was robbing her.  While pointing the
gun at her head, the man instructed Maurer to open the safe, which was in the
office.  As she was trying to open the safe,
her boyfriend arrived.  The robber
pointed the gun at Maurer’s boyfriend and told her that if she did not open the
safe her boyfriend “was going to meet precious.”

Maurer gave him all the money in
the safe, and the man walked Maurer and her boyfriend back into the bar
area.  He instructed them to go into the
bathroom.  Maurer, who was still trying
to stall, offered the man her purse and told her boyfriend to give him his
wallet.  The man took both and forced
them into the bathroom where he ordered Maurer and her boyfriend to take off
their clothes.  The man then threw the
clothes all over the bar, hid his beer bottle, and escaped.  Maurer heard a patron enter the bar as the
man was leaving, but the customer did not try to stop the man so he got away.  Maurer received counseling after the incident
and was later diagnosed with post-traumatic stress disorder.

Maurer sued Barney’s for
negligence, alleging that it failed to maintain the premises in a safe
condition and to warn her of a dangerous condition on the property, and gross
negligence, alleging that through acts and omissions, it recklessly or
consciously disregarded a known risk. 
Barney’s filed both traditional and no-evidence motions for summary
judgment on both claims, arguing: (1) that it did not owe a duty to Maurer to
protect her from the criminal acts of a third-party because such acts were not foreseeable;
(2) that Maurer had not produced evidence of the similarity, proximity,
frequency, recency, or publicity of prior criminal activity; and (3) that
Maurer had presented no evidence to support her gross negligence claim.  In her summary judgment response, Maurer argued
that Barney’s was not entitled to summary judgment because her deposition
testimony, Houston Police Department call logs, and medical records raised questions
of material fact as to her negligence claim. 
The response did not argue that any of the attached evidence supported
Maurer’s gross negligence claim, and Maurer does not challenge the judgment as
it related to her gross negligence claim. 
The trial court granted summary judgment in favor of Barney’s.  Maurer argues on appeal that the trial court
improperly granted summary judgment because she had presented more than a
scintilla of evidence to support each element of her negligence claim.

Analysis

I.                 
Standard of review

We review a trial court’s decision to grant a motion for
summary judgment de novo.  Valence
Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  A no-evidence
motion for summary judgment is essentially a directed verdict granted before
trial, to which we apply a legal-sufficiency standard of review.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750–51 (Tex. 2003).  In general, a party seeking a no-evidence
summary judgment must assert that no evidence exists as to one or more of the
essential elements of the nonmovant’s claim on which the nonmovant would have
the burden of proof at trial.  Flameout
Design & Fabrication, Inc.
v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston
[1st Dist.] 1999, no pet.).  Once the
movant specifies the elements on which there is no evidence, the burden shifts
to the nonmovant to raise a fact issue on the challenged elements.  Tex. R.
Civ. P. 166a(i).  A no-evidence
summary judgment will be sustained on appeal when (1) there is a complete
absence of evidence of a vital fact, (2) the court is barred by rules of law or
of evidence from giving weight to the only evidence offered by the nonmovant to
prove a vital fact, (3) the nonmovant offers no more than a scintilla of
evidence to prove a vital fact, or (4) the nonmovant’s evidence conclusively
establishes the opposite of a vital fact.  King Ranch, 118 S.W.3d at 751.

Under the traditional summary-judgment standard, the movant
has the burden to show that no genuine issues of material fact exist and that
it is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  In determining whether there are disputed
issues of material fact, we take as true all evidence favorable to the
nonmovant and indulge every reasonable inference in the nonmovant’s favor.  Nixon, 690 S.W.2d at 548–49.  A
defendant moving for summary judgment must conclusively negate at least one
essential element of each of the plaintiff’s causes of action or conclusively
establish each element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). 

When, as here, a party seeks summary judgment under both
traditional and no-evidence standards, we first review the trial court’s
decision regarding summary judgment under the no-evidence standard.  See Tex.
R. Civ. P. 166a(i); Samuel v.
Wal-Mart Stores, Inc., No. 01-08-00702-CV, 2010 WL 2788879, at *2 (Tex.
App.—Houston [1st Dist.] July 15, 2010, pet. denied) (memo op.).  If the summary judgment does not specify the
grounds on which it was granted, the appealing party must demonstrate on appeal
that none of the proposed grounds is sufficient to support the judgment.  Rogers
v. Ricane Enter., Inc., 772 S.W.2d 76, 79 (Tex. 1989); Tilotta v. Goodall, 752 S.W.2d 160, 161 (Tex. App.—Houston [1st
Dist.] 1988, writ denied).  Because the
trial court in this case did not specify the ground upon which it relied for
its ruling, we will affirm if any theory advanced by Barney’s in its motion for
summary judgment is meritorious.  See Joe v. Two Thirty Nine Joint Venture,
145 S.W.3d 150, 157 (Tex. 2004).

II.              
Premises liability

In a premises liability case
against an employer, the plaintiff-employee must establish (1) a legal
duty owed to the plaintiff, (2) breach of that duty, and (3) damages
(4) proximately caused by the breach. 
See Del Lago Partners, Inc. v.
Smith, 307 S.W.3d 762, 767 (Tex. 2010); Barton
v. Whataburger, Inc., 276 S.W.3d 456, 461 (Tex. App.—Houston [1st Dist.]
2008, pet. denied).  An employee is generally
an invitee, and in the context of the employer-employee relationship, the
employer has a duty (1) to provide safety rules to employees, and to warn
them of reasonable foreseeable hazards; (2) to furnish a reasonably safe
workplace; and (3) to exercise ordinary care to hire competent
employees.  Barton, 276 S.W.3d at 466–67; see
Kroger Co. v. Elwood, 197 S.W.3d 793, 794 (Tex. 2006).  “An employer, however, is not an insurer of
its employees’ safety,” and it generally has no duty to protect an employee
from the unforeseeable criminal acts of a third party.  Barton,
276 S.W.3d at 461; see also Trammel Crow
Cent. Tex., Ltd. v. Gutierrez, 267 S.W.3d 9, 12 (Tex. 2008); Nixon, 690 S.W.2d at 550.

          An
employer has a duty to protect employees from the criminal conduct of a third
party if the particular criminal act was foreseeable and the employee was a
foreseeable victim.  See Barton, 276 S.W.3d at 462–63.  To determine whether the risk
of criminal conduct is foreseeable, the court considers six factors: previous
crimes, proximity of the crimes, recency of the crimes, frequency of the
crimes, similarity of the crimes, and publicity of the crimes.  Trammel
Crow, 267 S.W.3d at 15–17; Timberwalk
Apartments, Partners v. Cain, 972 S.W.2d 743, 757 (Tex. 1998).  Whether such a risk was foreseeable is
determined in light of what the employer knew, or should have known, at the
time the criminal act occurred.  Timberwalk, 972 S.W.2d at 757.

          Maurer
argues that the trial court erred in granting summary judgment because she
raised genuine issues of material fact as to each element of her negligence
claim in her summary-judgment response. 
Barney’s contends, however, that the trial court did not err because
Maurer did not raise a fact issue with respect to the challenged elements.  Alternatively, Barney’s argues that the
summary judgment should be affirmed because, as a matter of law, it did not
have a duty to protect Maurer from the unforeseeable criminal conduct of a
third party because the aggravated robbery was not foreseeable.

          In
her response, Maurer attached the transcript of her deposition, in which she
stated that the day after the robbery an assistant manager for Barney’s
informed her that several other Barney’s saloons had been robbed by a
similar-looking assailant.  She also
attached Houston Police Department “calls for service” made during the six
months leading up to the robbery for the 8500 to 8600 block of Monroe Road, and
her medical records, which indicated that she had been diagnosed with and treated
for post traumatic stress disorder.  Maurer
contends that this evidence was sufficient to create questions of fact as to
the foreseeability of the aggravated robbery and her damages.  Specifically, she argues that the calls for
service and her deposition testimony are evidence of proximity because they
tend to show that crimes have occurred on the property or in the immediate
vicinity; that the calls for service demonstrate the frequency, recency, and
similarity of criminal activity in the area surrounding Barney’s; and that her
deposition testimony, in which she stated that her manager told her that other
Barney’s saloons had previously been robbed, tends to prove that Barney’s had
actual notice of similar past crimes.  

          “For
a landowner to foresee criminal conduct on property, there must be evidence
that other crimes have occurred on the property or in its immediate
vicinity.”  Timberwalk, 972 S.W.2d at 757. 
To demonstrate that other crimes occurred near the Barney’s saloon where
she worked, Maurer attached Houston Police Department call logs for the 8500 to
8600 block of Monroe Road.  The call
reports showed that approximately 32 calls for service were made during the 6 months
leading up to the incident, but the physical address of the Barney’s where
Maurer was robbed is 8539 Gulf Freeway, which is several miles away from Monroe
Road.  The call logs do not indicate
whether incident reports were made in connection with the calls for service or
whether any actual crimes similar to an aggravated robbery occurred.  Because call reports alone are not
necessarily probative of actual similar crimes, they are not, without more,
sufficient to establish whether criminal conduct has previously occurred on or
near the possessor’s property.  See Tex. Real Estate Holdings, Inc. v. Quach,
95 S.W.3d 395, 399 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); see also Nichols v. Tanglewood Manor Apartments,
No. 14-04-00864-CV, 2006 WL 278282, at *4 (Tex. App.—Houston [14th Dist.] Feb.
7, 2006, no pet.) (memo op.).

In her deposition, Maurer stated
that, prior to the incident, she had not observed or heard about any violent
crimes occurring in or near the bar.  She
stated that she believed drug use was common among her co-workers and that drug
deals had occurred on the premises, but she had no personal knowledge of such
transactions or of any other illegal activities or violent crimes occurring on
or near the premises.  Maurer also
testified that the day after the robbery, her manager told her that a few other
Barney’s locations had been robbed.  But
this testimony does not demonstrate relevant previous criminal conduct.  Even assuming, as we must, that other
Barney’s locations had in fact been robbed by a similarly described assailant,
the fact that a crime has occurred at one location does not make it foreseeable
that future crimes will occur at another location.  See Timberwalk,
972 S.W.2d at 757.

Foreseeability in this context also
depends on how recently and how frequently criminal conduct has occurred.  Id.
at 757–58.  If a significant number of crimes have occurred
during a short time period, it is more likely that a particular crime is
foreseeable.  Trammel Crow, 267 S.W.3d at 15; Timberwalk,
972 S.W.2d at 757–58.  But if there is no crime in an area or relatively
few crimes have occurred over an extended period of time, that tends to negate
the foreseeability element.  Timberwalk, 972 S.W.2d at 758.  In an affidavit filed in support of its
motion for summary judgment, a Barney’s manager swore that robberies had not occurred
at any other Barney’s location, that no other robberies or violent crimes had
occurred at the Gulf Freeway location, and that the other assaults that had
taken place there were fights between patrons. 
The call log statistics provided by Maurer in response establish only that
32 calls for service were made over the course of 6 months for an area several
miles away from the location where she was robbed.  Although the call logs indicate that there were
calls made about a burglary in progress, a report of a stolen vehicle, a theft,
and a trespassing complaint, the report does not demonstrate that that there is
a high rate of crime in the immediate vicinity of Barney’s, nor does it show
that crime was increasing at the time of the incident.  See
Walker v. Harris, 924 S.W.2d 375, 377–78 (Tex. 1996).

“In addition to the recency and
frequency of past crimes, a court must consider the similarity of the past
crimes to the criminal conduct in question.” 
Trammell Crow, 267 S.W.3d at
16.  In order to place the landowner on
notice of a specific danger, prior criminal acts must be sufficiently similar
to the crime in question.  Id. 
Maurer contends that that the call log statistics clearly demonstrate
the similarity of crimes occurring in the vicinity of Barney’s.  But “entry” and misdemeanor theft are not
sufficiently similar to aggravated robbery to make such a crime
foreseeable.  See Timberwalk, 972 S.W.2d at 758. 
While a string of violent crimes on the property in question can make
other violent crimes foreseeable, Trammell
Crow, 267 S.W.3d at 16, the occurrence of several property crimes does not
make it foreseeable that an aggravated robbery will occur.  Timberwalk,
972 S.W.2d at 758; see Barton, 276
S.W.3d at 467–68; Dickinson Arms-REO, L.P. v. Campbell, 4 S.W.3d 333, 347 (Tex.
App.—Houston [1st Dist.] 1999), pet. denied, 35 S.W.3d 633 (Tex. 2000).

Finally, the court must consider
whether the landowner knew or should have known of a foreseeable danger because
of the publicity surrounding previous crimes. See Timberwalk, 972 S.W.2d at 758. 
Unreported criminal activity on the premises is not evidence of
foreseeability.  Id. at 758–59.  In his affidavit, the operations manager for
all Barney’s saloons averred that he had knowledge of the events that occurred
at all Barney’s locations and that no robberies or other violent crimes had
occurred prior to the incident.  Barney’s
also pointed to Maurer’s deposition testimony, in which she stated that she was
unaware of any violent criminal activity occurring at or near the
premises.  Maurer relies solely on a
portion of her deposition testimony in which she stated that “[S]he was told
the day after the robbery that . . . a couple other Barney’s had been robbed.”  But, even if true, those facts are not
relevant as to whether Barney’s was aware of violent criminal activity
occurring at or near the premises where Maurer was robbed.  As we have discussed, criminal conduct in one
area does not make criminal conduct in another area foreseeable.  Id. at
757.  If, as here, a property owner is not aware of and has no reason to be
aware of previous crimes occurring on the premises, such crimes are not
foreseeable.  Id. at 759.

The evidence in the present case is that neither Barney’s nor Maurer was
aware of any violent crime occurring on or near the relevant premises prior to
the incident.  Accordingly, we conclude
that the risk that Maurer would be the victim of an armed robbery while at work
was not foreseeable to Barney’s, and we hold that Maurer’s evidence is, as a
matter of law, insufficient to establish that Barney’s had a duty to protect
her from the unforeseen criminal conduct of a third party.  We overrule Maurer’s issues.

Conclusion

          We
affirm the judgment of the trial court.

 

                                                                   Michael
Massengale 

                                                                   Justice

 

Panel
consists of Chief Justice Radack and Justices Bland and Massengale.